IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE NATHAN GILES, #123350,      )
                                    )
      Plaintiff,         )
                                    )
v.                               )       CIVIL ACTION NO. 2:16-CV-402-WHA
                                    )
NURSE A. THOMAS, et al.,      )
                                    )
      Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Joe Nathan Giles ("Giles"), a state inmate, in which he challenges the constitutionality of actions undertaken by medical and correctional at the St. Clair Correctional Facility.  Specifically, Giles maintains that the defendants are denying adequate medical treatment for various health issues in violation of his constitutional rights.

Upon review of the factual allegations presented in the complaint, the court recommends that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**II.  DISCUSSION**

A 42 U.S.C. § 1983 civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

---

[1] The plaintiff filed an application for leave to proceed *in forma pauperis*. Doc. 2.  However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The St. Clair Correctional Facility is located in Springville, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Consequently, the actions about which the plaintiff complains occurred in the jurisdiction of that court.  Moreover, the individuals named as defendants purportedly reside in the Northern District of Alabama.  Under these circumstances, the claims asserted by the plaintiff are beyond the venue of this court.  However, the face of the complaint makes clear that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further ORDERED that on or before June 16, 2016 the plaintiff may file objections to the Recommendation.  If the plaintiff files objections, he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 2nd day of June, 2016.


_____/s/____Gray M. Borden_____
UNITED STATES MAGISTRATE JUDGE